Northern Wis. Co-op. Tobacco Pool v. Oleson, 191 Wis. 586.

termined their rights to the proceeds over and above what was necessary to pay the plaintiff's judgment should have been granted.

While it is alleged in the petition that the petitioners appear specially, on jurisdictional grounds, the allegations with respect to their homestead rights are not consistent with a special appearance, and in law constitute a general appearance. In determining whether an appearance is general or special, the substance of the petition rather than the mere form is controlling.

*By the Court.*—The order appealed from is reversed, and the cause is remanded to the lower court with directions for further proceedings in accordance with this opinion.

---

Northern Wisconsin Co-operative Tobacco Pool, Appellant, vs. Oleson, Respondent.

*December 8, 1926—January 11, 1927.*

*Appeal: From order allowing inspection of documents: Order made during adverse examination not appealable: Scope of order: Indiscriminate exploration not permitted: Designation of instruments required and showing of relevancy.*

1. In an action by a co-operative association against a member for the specific performance of a contract to sell and deliver his tobacco crop to the association, an order of the circuit court requiring the plaintiff to allow a secret examination of its books and records by the defendant, without a specification of particular documents and without showing their relevancy to the action, is *held* to have been entered pursuant to sec. 4183, Stats. 1921, from which an appeal may be taken, and not pursuant to sec. 4096. p. 592.

2. The order which permitted the defendant to examine secretly the records of the association without any time limitation was improperly granted under sec. 4183, Stats. 1921, where the application for the order did not specify the documents desired for inspection nor show their relevancy to the defense. p. 594.

Northern Wis. Co-op. Tobacco Pool v. Oleson, 191 Wis. 586.

3. Indiscriminate exploration into matters extrinsic to the merits of an action is not authorized by sec. 4096 or by sec. 4183, Stats. 1921, providing for the inspection and examination of the books and records of the opposing party by the litigant. p. 593.

4. An application for an order of inspection under sec. 4183, Stats. 1921, should specify with particularity the books and documents desired for inspection and that they are relevant and pertinent to the merits of the action or the defense therein. p. 595.

ESCHWEILER, J., and VINJE, C. J., dissent.

APPEAL from an order of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Reversed.*

This is an appeal from an order requiring the plaintiff to submit its books and records to an examination by the defendant, and permitting the defendant's attorneys to make copies thereof in secret. The plaintiff co-operative association, organized under the statutes of Wisconsin, brought an action by the service of a summons and complaint against the defendant, seeking specific performance of the contract of the defendant with the plaintiff as to his tobacco crop for 1925. The action was based upon a contract of purchase and sale executed by the parties in June, 1922, as modified by an instrument in writing in May, 1923.

The defendant noticed an examination under sec. 4096 (now sec. 326.12) of the Statutes before a circuit court commissioner, and by subpoena *duces tecum* required the production of all the plaintiff's books, records, and papers. On that examination it was agreed that, for the convenience of the parties, the examination would proceed in the office of the plaintiff, in the absence of the court commissioner, and was adjourned thereto accordingly. Thereafter, when the examination was about to proceed, a dispute arose between the parties as to the conduct of such examination, and it terminated without the examination being had. The defendant

thereafter, upon order to show cause, accompanied by affidavits of its attorney and an accountant, applied to the court for an order requiring the plaintiff to permit the defendant, his attorneys, agents, and accountants to examine the books and records of the plaintiff, unmolested and unhampered by plaintiff's officers or agents, for the purpose of obtaining information necessary to plead and for preparing for the trial of the action. The affidavit on the part of the defendant did not specify any particular documents, papers, or information desired, and did not in any way show that the information, books, or papers desired were pertinent or relevant to the issues or to the defense.

The plaintiff, on the hearing, filed a counter affidavit, among other things alleging that the defendant sought to have a complete examination of all the plaintiff's books, records, and papers made by an auditor of the defendant; that such books and papers were of very large volume; that the plaintiff association had more than 7,950 contracts with growers of tobacco; that the association had built up an organization for the purpose of handling large quantities of tobacco for said growers; that since its organization it has handled more than 87,000,000 pounds of tobacco, for which it has paid the growers more than $8,000,000; that it was necessary for the association to enter into large financial contracts, and for that purpose to secure large credits with banks; that at times it had borrowed more than $600,000, and that at the present time it had a line of credit with one bank for $1,000,000; that the continued success and operation of the association was vitally dependent upon the maintenance of such credit; that its dealings in the sale of its tobacco were limited to a few very large and powerful corporations; that it was necessary for it to protect its books, papers, and confidential records from exploitation; that the defendant and others in substance were in a conspiracy to wreck the plaintiff association and cause its dissolution; that

other actions of the same kind were pending, and that other litigation had been concluded in the courts, involving substantially the same facts; that plaintiff was willing to allow an inspection of its records relevant to the pending action, under the supervision of the plaintiff, but was unwilling to permit copying of its records without plaintiff's knowledge, or the copying of records not relevant and pertinent to the issues.

After the hearing before the circuit judge the court made the following order:

"During the month of March, 1926, the attorneys for the defendant instituted proceedings to examine the books of the plaintiff in order to draft an answer. The examination was held before the Hon. Rufus B. Smith, court commissioner of this court, at Madison, Wisconsin. While the proceedings were being had before said court commissioner, plaintiff's counsel stated that the books and records at counsel's office defendant desired to examine were too many and voluminous to be produced at the hearing, but offered to permit an examination of all the said books and records called for examination, at the office of the plaintiff where such books and records were kept. Counsel for the defendant accepted the offer and the proceedings continued. Later, when defendant's expert accountants arrived for examination of said books and records, counsel for the plaintiff refused such examination unless the said accountant would furnish the plaintiff with copies of his working sheets; with a list of the information desired; with lists of all the figures obtained from such books and records, and that accountants or agents of the plaintiff be allowed to work with the defendant's accountant and make a copy of all facts, figures, and information taken from said books and records by the defendant's accountant.

"On the 19th day of March, 1926, counsel for the defendant moved the court on an order to show cause why the defendant, his attorneys, agents, and accountants should not be permitted to examine the said books and records unmolested and unhampered.

"Hill, Thomann & Beckwith of Madison, Wisconsin, and Clancey, Loverud & Loverud, of Stoughton, Wisconsin,

appeared for the defendant, and Gilbert, Ela, Heilman & Raeder of Madison, Wisconsin, appeared for the plaintiff. After hearing the arguments of counsel:

"It is hereby ordered:

"(1) That the defendant, his attorneys, agents, and accountants be permitted to examine said books and records secretly and without disclosing to the plaintiff, its attorneys, agents, or accountants any figures, records, or data copied therefrom.

"(2) That during the examination or making of copy of any such books or records by the defendant, his attorneys, accountants, or agents, the plaintiff may have a representative in the room where such examination or copying is being made, but that such representative shall not in any manner annoy, hamper, or interfere with such examination or copying and shall make no attempt or effort to pry into or ascertain what information is being obtained or attempted to be ascertained by such examination.

"That the plaintiff pay to the defendant $10 motion fees."

From such order plaintiff appealed.

For the appellant there were briefs by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Emerson Ela.*

For the respondent there was a brief by *Hill, Thomann & Beckwith* of Madison, *Clancey, Loverud & Loverud* of Stoughton, and *Graves & Gulbrandsen* of Viroqua, and oral argument by *Carl N. Hill, E. K. Loverud,* and *C. W. Graves.*

CROWNHART, J.   Historically, much information is furnished relative to the plaintiff company and its operations in the case of *Northern Wisconsin Co-operative Tobacco Pool v. Bekkedal,* 182 Wis. 571, 197 N. W. 936.   The instant case was begun in equity to enforce specific performance of a contract in writing between the plaintiff and defendant for the sale and delivery of defendant's tobacco crop for the year 1925 to the plaintiff.

At the outset of this controversy it was necessary to de-

termine whether the order appealed from was entered pursuant to sec. 4096 (now sec. 326.12) or pursuant to sec. 4183 (now sec. 327.21) of the Statutes. The defendant claims that the order was issued pursuant to the former statute, while the plaintiff claims that it was issued pursuant to the latter statute. An examination under sec. 4096 (now sec. 326.12), by sub. (2), is required to be taken before a judge at chambers or a court commissioner, and the production of all papers, books, files, records, things, and matters in the possession of the party to be examined may be compelled by subpœna. By sub. (4) it is provided that the examination shall be subject to the same rules as that of any other witness, but he shall not be compelled to disclose anything not relevant to the controversy. By sub. (5) it is provided that if the examination shall be taken before issue joined, the notice of taking the same shall be accompanied by an affidavit of the party, his agent or attorney, stating the general nature and object of the action, that discovery is sought to enable the party to plead and the points upon which such discovery is desired, and such examination shall be limited to the discovery of the facts relevant to such points. By sub. (8) it is provided that in any such examination the judge or commissioner before whom the same is had may compel the party examined to answer all questions relevant to the issues involved, and also compel the production by him of books and papers relevant and pertinent to the issues, and may enforce such answers and the production of such books and papers by contempt proceedings.

Sec. 4183 (now sec. 327.21) provides:

"The court before which an action is pending, or a judge thereof, may, in discretion and upon due notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy of any books, papers and documents in his possession or under his control containing evidence relating to the merits of the action or

of the defense therein.   If compliance with the order be refused the court, on motion, may exclude the paper from being given in evidence or punish the party refusing, or both."

The defendant, on his own motion, did not proceed before the court commissioner having the examination in charge, but proceeded directly before the circuit judge upon motion and affidavits asking for an inspection of the records of the plaintiff and for permission to be allowed to obtain information therefrom through its accountant, unmolested and unhampered by the plaintiff.

We think the application was clearly made under sec. 4183 (now sec. 327.21).   Objection was taken that the order was not appealable, but that objection was taken, as we understand it, on the theory that it was an order under sec. 4096 (now sec. 326.12).   Sec. 4183, however, provides a provisional remedy, and such an order is appealable under sec. 274.33, sub. (3).

By reference to the order appealed from, it will be seen that it is very broad and comprehensive.   It requires that the defendant, his attorneys, agents, and accountants be permitted to examine said books and records secretly and without disclosing to the plaintiff, its attorneys, agents, or accountants any figures, records, or data copied therefrom; the plaintiff may have a representative in the room where such examination or copying is being made, but he "shall make no attempt or effort to pry into or ascertain what information is being obtained or attempted to be ascertained by such examination."   As we have seen, in an examination under sec. 4096 (now sec. 326.12) the same is to be made in the presence of a court commissioner, where opportunity is afforded the party being examined to object to the production of any records or to testifying to anything not relevant to the issues involved.   If the examination shall be taken before issue joined, the notice of taking the same shall be accompanied by an affidavit of the party, his agent or attorney,

stating the general nature and object of the action, that dis-
covery is sought to enable the party to plead and the points
upon which such discovery is desired, and such examination
shall be limited to the discovery of the facts relevant to such
points, unless the court or the presiding judge thereof, on
motion and one day's notice, shall, before the examination is
begun, by order further limit the subjects to which it shall
extend.   Thus under sec. 4096 the party is protected from
an exploring expedition by having the specific points upon
which the examination is to be held, raised before the exami-
nation, and opportunity to have the examination limited on
application to the circuit judge.

Under the inspection provided by sec. 4183 (now sec.
327.21), Circuit Court Rule XVIII, sec. 4, provides:

"The order to show cause . . . shall specify the mode
in which such inspection and copy, or permission to take a
copy, of any such books, . . . shall be given, and which
may be either by requiring the party to deliver sworn copies
thereof to the applicant, or by requiring him to deposit such
books . . . with the clerk of the court in which the action
is pending, or in such other manner or mode as shall be di-
rected in the order.   It shall also specify the time within
which such inspection and copy, or permission to take a copy,
shall be given."

Both secs. 4096 and 4183 are substitutes for the old bill
of discovery, and sec. 4183, like sec. 4096, provides for the
party securing information relating to the merits of the ac-
tion or of the defense therein.   Neither section authorizes
the indiscriminate exploration into matters extrinsic to the
merits of the pending action.   Of course it can be readily un-
derstood that to give a roving commission for the inspection
or production of books or papers in order that a party may
ransack them without limitation, either as to time or manner,
would present an intolerable condition.

"The right to inspect private books and papers is some-
times an important one in the administration of justice, and
yet the exercise of it is of such a delicate nature that the

courts should carefully guard against its abuse." *Whitman v. Weller,* 39 Ind. 515, 518.

"The order should designate with certainty the date for the production and inspection. . . . It should limit the time within which the inspection should be made.

"The order should generally provide that the inspection should be made at defendant's place of business without removal, . . . but it will not order them taken from the party and delivered to his adversary or to experts for an *ex parte* examination not in the presence of the party."    18 Corp. Jur. 1128, 1129.

"The order should limit inspection to the books, papers, or property mentioned in the petition for the order.    It should be limited also to such documents or entries in the books as show the transactions relating to the claim in controversy."    18 Corp. Jur. 1129.

"It is also indispensably essential to this right that the production or inspection sought is material to the issues involved and that it affects the merits of the action. . . . A general allegation of materiality and necessity is not sufficient, but facts must be stated showing how and why the discovery or inspection is material. . . . An order for production or inspection will be denied where the application appears to be made solely for fishing purposes."    *Worthington P. & M. Corp. v. Northwestern I. Co.* 176 Wis. 35, 41, 186 N. W. 156.

The application for an order of inspection of books and documents under sec. 4183 should specify with particularity the books and documents desired for inspection, and it should show that they are relevant and pertinent to the defense of the action.    This was not shown, either in the application or in the order.

It should be clearly kept in mind that this was not an action on the part of the corporation, or of a stockholder of the corporation, affecting the management or conduct of the corporation, and that the defendant was not seeking an examination of the books and records of the association to protect his interests in the corporation.    The examination was

North. Wis. Co-op. Tobacco Pool v. Oleson, 191 Wis. 586.    Dissent.

solely to get information upon which to defend in an action brought to enforce the written contract.   If he desired such information, it was his duty to point out in his affidavit the particular records and documents, or portions thereof, that were relevant and pertinent to the action and necessary for him to prepare his answer.

The order, when granted, should be upon affidavit of the defendant or his attorney specifying the particular documents to be examined and a showing of relevancy and materiality.   The order should fully protect the plaintiff in its rightful custody of its books and records, and in its right to supervise the examination, to the extent that no improper use shall be made of its records, and that none are misplaced, destroyed, or lost.   It should further reasonably limit the time in which the examination shall be made.

The court is of the opinion that the order is altogether too broad in its scope, and that it should be reversed.

*By the Court.*—The order appealed from is reversed, with costs to the appellant.

ESCHWEILER, J. (*dissenting*).   The proceedings here involved were started by defendant commencing an adverse examination of plaintiff's officers under sec. 326.12 (sec. 4096) ; during such proceedings an order was made by the trial court regulating the manner in which certain information from plaintiff's books and records might be obtained. The defendant at no time formally applied to obtain relief under the inspection statute, sec. 327.21 (sec. 4183), the much narrower of the two (*Worthington P. & M. Corp. v. Northwestern I. Co.* 176 Wis. 35, 46, 186 N. W. 156). Having elected, as defendant lawfully might, the one remedy, I can see no grounds upon which the other can now be forced upon him.

It was for plaintiff's convenience and at its suggestion that the examination of its books and records was to be made

at its office rather than that of the court commissioner before whom the adverse examination was being conducted, and having invited such method on the adverse examination proceedings it should be bound by such election.

Plaintiff, knowing its own records, could presumably easily have shown the court below what, if any such, should be sealed from examination; it made no showing on that subject, but demands that it shall have constant supervision over and be furnished with the complete details of an investigation being paid for by defendant.   And that, too, when suing one of its own stockholders, whose right to inspect the corporate records is absolute and undeniable (*State ex rel. McClure v. Malleable I. R. Co.* 177 Wis. 582, 187 N. W. 646), and regardless of motives (*State ex rel. Dempsey v. Werra A. F. Co.* 173 Wis. 651, 182 N. W. 354).

I cannot see how it can properly be said that defendant here must be narrowed and restricted in that unqualified right as a stockholder which he would have were he bringing or merely contemplating the bringing of a lawsuit against his, the plaintiff's, corporation.   He has not forfeited rights as a stockholder merely by being made a defendant.

The only effect of transmuting this adverse examination proceeding into an inspection proceeding is to permit plaintiff to support its appeal from the order below.

After considerable travail this court has finally held that orders made in adverse examination proceedings do not come within the statutory right to appeal to this court, any more than would be an order directing a witness to answer during trial.   *Milwaukee C. Co. v. Flagge,* 170 Wis. 492, 496, 175 N. W. 777; *Mantz v. Schoen & Walter Co.* 171 Wis. 7, 176 N. W. 70.

The present holding would seemingly permit the halting, by appeal, of an adverse examination of an officer of a corporation party, where a ruling was made either directing or ·

refusing to direct such officer to produce on his examination for the purposes thereof any of the records of the corporation, and in effect overrules or emasculates the cases last above cited.

I am authorized to state that Mr. Chief Justice VINJE concurs in this dissent.