FRANK, Appellant, vs. MARQUETTE UNIVERSITY and others, Respondents.

*October 11—November 9, 1932.*

374

For the appellant there was a brief by *Samuel Becker,* attorney, and *Earl Morse* of counsel, both of Milwaukee, and oral argument by *Mr. Becker.*

*Clifton Williams* of Milwaukee, for the respondents.

NELSON, J. The plaintiff's petition for an order to compel inspection of certain records of defendant university relating to certain contemplated or executed disciplinary actions concerning certain classmates of the plaintiff, was made pursuant to the provisions of sec. 327.21, Stats., and Circuit Court Rule XVIII. Sec. 327.21 provides in part as follows:

"The court before which an action or proceeding is pending, or a judge thereof, may, in discretion and upon due notice, order either party to give to the other, within a specified time, an inspection and copy or permission to take a copy of any books, papers and documents in his possession or under his control containing evidence relating to the action or proceeding."

Circuit Court Rule XVIII provides, so far as it is material to this controversy, as follows:

"Applications to compel a party to give to the other inspection of real or personal property or of any books, papers or documents in possession or under the control of the opposite party, may be made by petition, duly verified, or by motion founded on affidavit, in the following cases: . . .

"2. By either party, after issue joined in any action or proceeding, to compel the other party to give him inspection of any real or personal property, or an inspection and a copy, or permission to take a copy, of any and all books, papers or documents in his possession or control, on which his action

or defense is founded, or which may be necessary to enable the party applying therefor to prepare for trial or which shall be material to any application made by him for any provisional remedy."

In *Worthington P. & M. Corp. v. Northwestern I. Co.* 176 Wis. 35, 41, 186 N. W. 156, in discussing sec. 4183, Stats., now sec. 327.21, it was said:

"It is also indispensably essential to this right that the production or inspection sought is material to the issues involved and that it affects the merits of the action. 6 Ency. Pl. & Pr. 795. A general allegation of materiality and necessity is not sufficient, but facts must be stated showing how and why the discovery or inspection is material. 6 Ency. Pl. & Pr. 804, 805."

In *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 211 N. W. 923, which involved an order held to have been made pursuant to the provisions of sec. 327.21, it was said:

"Both secs. 4096 and 4183 are substitutes for the old bill of discovery, and sec. 4183, like sec. 4096, provides for the party securing information relating to the merits of the action or of the defense therein. Neither section authorizes the indiscriminate exploration into matters extrinsic to the merits of the pending action. Of course it can be readily understood that to give a roving commission for the inspection or production of books or papers in order that a party may ransack them without limitation, either as to time or manner, would present an intolerable condition."

The language hereinbefore quoted from the *Worthington Case* was recited in the *Tobacco Pool Case* with entire approval.

Under the decisions cited, it seems clear that inspection under sec. 327.21 and Circuit Court Rule XVIII can only be had of such books, papers, or documents as are material to the merits of the issues involved in a given action. Of course sec. 327.21, being a remedial statute, should be given a liberal construction.

The question for decision, therefore, is whether certain records of Marquette University, or of its medical school, relating to contemplated or executed disciplinary actions concerning certain classmates of the plaintiff who were given diplomas are material to the issues involved in this action in which the plaintiff seeks to compel defendant university specifically to perform its contract with him and to issue a diploma to him.

The law is apparently well settled that a university, college, or school may not arbitrarily or capriciously dismiss a student or deny to him the right to continue his course of study therein. So long as they act in response to sufficient reasons and not arbitrarily or capriciously their acts may not be interfered with by the courts. *Booker v. Grand Rapids Medical College,* 156 Mich. 95, 120 N. W. 589, 24 L. R. A. N. S. 447; *People ex rel. Cecil v. Bellevue Hospital Medical College,* 60 Hun, 107, 14 N. Y. Supp. 490; *Valentine v. Independent School District,* 187 Iowa, 555, 174 N. W. 334; *Hamlett v. Reid,* 165 Ky. 613, 177 S. W. 440; *State ex rel. Nelson v. Lincoln Medical College,* 81 Neb. 533, 116 N. W. 294.

A broad discretion is given to schools, colleges, and universities in such matters. *United States ex rel. Gannon v. Georgetown College,* 28 App. D. C. 87; *Gott v. Berea College,* 156 Ky. 376, 161 S. W. 204; *State ex rel. Stallard v. White,* 82 Ind. 278, 51 L. R. A. N. S. 17.

The issue in the pending action is whether the action of the faculty of defendant university or its medical school in dismissing the plaintiff, and in refusing to graduate him, was, under the circumstances to be proven, reasonable, or unreasonable, arbitrary, and capricious. What disciplinary measures were at some time or other contemplated or in fact executed as to certain of the plaintiff's classmates is, in the view we take, quite immaterial. In dealing with students who have violated rules or who have been guilty of conduct

requiring discipline, differences may exist requiring, or at least reasonably permitting, differences in treatment. In taking disciplinary action against different students, numerous intangibles may exist which tend to influence action one way or the other. To illustrate: Two students may, at a given time, be guilty of substantially similar infractions of disciplinary rules and yet disciplinary actions quite dissimilar may properly be taken without subjecting the severer action to the charge of being unreasonable, arbitrary, or capricious. We know of no yardstick which either a faculty or a court may apply to the many situations which arise in educational institutions with respect to discipline. To hold that a faculty, for sufficient reasons, may not expel a student because, in a similar action, it had failed to expel another student, would unreasonably embroil educational institutions in long drawn out controversies and trials involving almost everything except the merits of the particular action, or the justness or reasonableness of the act complained of.

These considerations dispose of the very earnest contention of the plaintiff that we should apply to situations of this kind the underlying principles of the equality provisions of both the federal and state constitutions. Plaintiff's contention, in substance, is as follows: That if it appears in a controversy like this that certain disciplinary action has been taken with respect to one which was not so taken at another time with respect to others who were apparently guilty of similar misconduct, such action as to the one is discriminatory and therefore arbitrary and capricious. Counsel cites no authority to support his contention and we doubt that any court has ever substantially so held.

In the view we take, the records of the university relating to disciplinary actions taken by the faculty in other cases are wholly immaterial to the merits of this controversy, and the circuit court therefore did not abuse its discretion in denying the petition of the plaintiff for an order permitting the in-

spection of the university's records as to contemplated or executed disciplinary measures concerning certain of the plaintiff's classmates who were granted diplomas.

In view of the conclusions reached we deem it unnecessary to consider other questions raised by the plaintiff.

*By the Court.*—Order affirmed.