MEMORANDUM
ADKINS, J.
1. In my opinion the pleadings show that the faculty of the Law School of Howard University acted in the exercise of discretion in suspending plaintiff, and their action is not arbitrary or capricious.
The newspaper article of September 21, 1935, for the writing of which plaintiff was suspended, was a severe criticism of many matters at the Law School. Among other things it reflected upon the fitness of two members of the faculty to occupy their position; it stated that the students found themselves face to face with the task of having both of the undesirable men on the faculty ousted, and intimated that this could be accomplished by a strike of the students.
*186 A reasonable man conld take the view adopted by the faculty. They acted after hearing the plaintiff and after consideration of the answer to the charges. Since their action was not arbitrary or capricious it follows that the writ of mandamus does not lie.
See Woods v. Simpson, 146 Md. 547, 39 A. L. R. 1016; Goldstein v. N. Y. Univ., 78 N. Y. S. 739; Gott v. Berea College, 156 Ky. 376; Frank v. Marquette Univ., (Wisc.) 245 N. W. 125, 127.
2. I think the faculty were not deprived of the right to discipline plaintiff by the fact that his formal registration occurred three days after the publication of the article.
In addition, at plaintiff’s hearing in November he asserted that his article was true, and this was a repetition of the offense.
Therefore the demurrer to the replication is sustained and the petition will be dismissed.
3. The motion to strike certain parts of the replication is granted.