Cespuglio and others, Appellants, vs. Cespuglio and another, Defendants: Workmens Mutual Insurance Company, Respondent.

*October 6—November 4, 1941.*

604

*Robert P. Russell* of Milwaukee, for the appellants.

For the respondent there was a brief by *Cavanagh, Stephenson & Mittelstaed* of Kenosha, and oral argument by *R. S. Stephenson.*

WICKHEM, J. After the service of summons and complaint in this action both defendants appeared by a single law firm and filed a joint answer denying liability. Later, because of alleged inconsistent statements made by the insured, Cespuglio, defendant Insurance Company withdrew from the defense of the action and other lawyers were substituted for defendant, Cespuglio, and for the Insurance Company. An amended answer was filed on behalf of the Insur-

ance Company alleging that insured had violated the terms of the policy by failing to co-operate, making false and untrue statements as to the facts of the accident, and by testifying falsely on adverse examination in respect of these facts. Thereupon plaintiffs applied to the court under sec. 269.57 (1), Stats., for an order permitting inspection of the statements referred to in the amended answer as a basis for the defense of non co-operation and violation of the insurance contract. On March 3, 1941, the trial court entered an order denying plaintiffs' application. Plaintiffs appeal.

Plaintiffs' application, the denial of which occasions this appeal, is under sec. 269.57 (1), Stats., which reads as follows:

"(1) The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding or may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both."

The application to the court for inspection was supported by the affidavit of plaintiffs' attorney, and this affidavit thus sets forth the grounds for requested inspection:

"That the signed statement given by the defendant, Ernest Cespuglio, under date of August 16, 1937, and his affidavit dated May 5, 1938, referred to in said paragraph 3 of said amended and supplemental answer are material and relevant to the issues in the above-entitled case; that in order to properly prepare the above case for trial, it is necessary for affiant, as attorney for the plaintiffs, to examine said signed statement dated August 16, 1937, and said affidavit dated May 5, 1938."

It is held in *Worthington P. & M. Corp. v. Northwestern I. Co.* 176 Wis. 35, 186 N. W. 156, that a general allegation of materiality and necessity is insufficient and that there must be facts set forth showing how and why discovery is material; also, in *Frank v. Marquette University,* 209 Wis. 372, 245 N. W. 125, which quotes with approval the opinion in the *Worthington Case.* In *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 593, 211 N. W. 923, this court said:

"Neither section authorizes the indiscriminate exploration into matters extrinsic to the merits of the pending action. Of course it can be readily understood. that to give a roving commission for the inspection or production of books or papers in order that a party may ransack them without limitation, either as to time or manner, would present an intolerable condition."

It is quite apparent that standing alone the affidavit is insufficient as a basis for demanding inspection, because the respects in which the papers are material and relevant are not pointed out. at all, the whole matter being left to a general assertion of relevancy. However, reference is made to paragraph 3 of defendants' amended and supplemental answer, and that answer alleges the materiality of the papers as constituting false statements, false swearing, and lack of cooperation in the defense. It appears to us that upon the whole record the relevancy of the papers is disclosed, and by pleading the nature and contents of these papers sufficiently to constitute a good pleading defendant supplied the deficiencies of the affidavit. After all, the requirement of relevancy is to protect the party in possession from an "indiscriminate exploration into matters extrinsic to the merits." Defendant cannot invoke the protection of the statute when it has proclaimed the relevancy of the papers in its own pleadings. Hence, it is our conclusion that upon the whole record a sufficient showing was made by plaintiffs.

Defendants' next contention is that the issue as to which these papers are material and relevant is one between defendant insurer and defendant insured and does not concern plaintiffs; that defendants' defense grounded upon false swearing, inconsistent statements, and want of co-operation is against the insured under the contract of insurance and in no way relates to the cause of action for tort asserted by plaintiffs against insured. For reasons sufficiently set forth in *New Amsterdam Casualty Co. v. Simpson, ante,* p. 550, 300 N. W. 367, we consider this contention to be without merit. As there pointed out, sec. 85.93, Stats., gives plaintiff a cause of action directly against the insurer. Defendant may set up against plaintiff, (1) that it has no liability upon the policy by reason of want of coverage, want of co-operation, or other circumstances raising a defense under the contract; (2) that plaintiff has no cause of action against insured. In the *New Amsterdam Case, supra,* it was pointed out that these are both defenses against plaintiffs' cause of action against the Insurance Company. It follows that the papers are material and relevant to an issue between plaintiffs and defendant and that the trial court was in error in refusing to permit inspection of the papers described in plaintiffs' application.

*By the Court.*—Order reversed, and cause remanded with directions for further proceedings in accordance with this opinion.