WALSH, Respondent, vs. NORTHLAND GREYHOUND LINES, INC., Appellant.

*November 10—December 7, 1943.*

**282**

For the appellant the cause was submitted on the brief of *Stephens, Cannon, Kilmer & Cooper* of Madison.

For the respondent there was a brief by *James J. McDonald*, and oral argument by *Mr. McDonald* and *Miss Edith Pierce Mills,* both of Madison.

FRITZ, J.    Plaintiff's application and the court's order for the inspection of the statement in question were made under the provision in sec. 269.57 (1), Stats., which provides that—

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control *containing evidence* relating to the action or special proceeding. . . ."

The application and order were based on the following facts stated in plaintiff's affidavit.    Following plaintiff's injury on

January 3, 1937, for which she seeks to recover damages from defendant, she was confined to her bed, and on January 9, 1937, while so confined and suffering from excruciating pain and under the influence of sedatives prescribed by her physician and unable to raise up in bed, she was questioned for an hour and three-quarters by defendant's claim adjuster, who argued with her about the facts surrounding her injuries until she was completely exhausted mentally and physically. Thereupon he wrote on a typewriter a statement which he induced plaintiff to sign while she was still in such exhausted condition and under the influence of the sedatives. He did not leave a copy of the statement with her, and plaintiff has had her attorney request defendant's attorney to permit her to see the statement or to furnish her with a copy, but that request was refused. Because of her condition at the time of signing the statement, and of her not being furnished with a copy or allowed by the defendant's attorney to see the statement, she has little or no knowledge of its contents. She believes the statement contains inaccurate and misleading information, and that it will be used by defendant's attorney upon the trial of the action in an attempt to impeach and contradict her testimony. Because of her lack of knowledge as to the contents of the statement, plaintiff and her attorney are unable to properly prepare for trial; and the statement is material and relevant in that its contents are material and pertinent to the issues of negligence and her injuries and damages upon which her cause of action is based.

The grounds on which defendant contends that plaintiff is not entitled to inspect or obtain a copy of the statement in question are (1) that the statement is not evidence relating to the action, and can be used solely by defendant for the purpose of impeaching plaintiff as a witness; (2) that it would not be ordered to be produced at the trial on the demand of plaintiff; (3) that sec. 269.57 (1), Stats., was never intended

to cover a statement of that type; (4) that plaintiff has not shown cause for examination of the statement; (5) and that the statement is privileged.

Those contentions cannot be sustained. The inspection authorized under sec. 269.57 (1), Stats., is of any book and documents "containing evidence relating to the action." As the document in question is a statement made by plaintiff in relation to facts involved in her cause of action, the matters therein which are inconsistent with her present position are admissions by her because of which the statement can be directly introduced as competent evidence against plaintiff. Therefore the statement is a document "containing evidence relating to the action," which the court can order to be produced for inspection. The use of the statement by defendant on the trial is not limited to solely impeachment purposes. Defendant can offer it in evidence even though plaintiff does not testify on the trial or her testimony is not at variance with any matter in the statement. *Klatt v. N. C. Foster Lumber Co.* 92 Wis. 622, 66 N. W. 791. In that respect there is a material difference between a statement made by a party to an action and the statement of a person who is not a party, and whose statement can therefore be used only for impeachment purposes if he testifies on the trial. *Lehan v. Chicago & N. W. R. Co.* 169 Wis. 327, 172 N. W. 787.

There are no circumstances because of which the statements made by the plaintiff in answering the questions or arguments of defendant's claim adjuster can be considered confidential, and therefore privileged communications. And as the statement is not of some person who is a stranger to the action and who was interviewed on behalf of defendant solely as a possible witness on the trial, the statement is not of such nature that it can be withheld from plaintiff on the grounds stated in *Lehan v. Chicago & N. W. R. Co., supra.*

The facts, stated in plaintiff's affidavit and above mentioned, constitute sufficient cause to warrant the court in

ordering defendant to permit plaintiff to inspect or make a copy of the statement in question.

*By the Court.*—Order affirmed.

FAIRCHILD, J. (*dissenting*). I believe that the legislature did not intend by sec. 269.57 (1), Stats., to permit indiscriminate investigation of all the evidence that a party may discover or come into possession of after a cause of action has materialized. It seems to me that what was wanted will be completely taken care of if we interpret the words "action or special proceeding" to mean the lawful demand of one's right setting forth the facts constituting a cause of action. The document to be inspected must bear a direct relation to the cause of action as well as not to be a privileged communication. *Northern Wis. Co-op. Tobacco Pool v. Oleson,* 191 Wis. 586, 593, 211 N. W. 923; *Worthington P. & M. Co. v. Northwestern I. Co.* 176 Wis. 35, 186 N. W. 156. One party is not to have access to the files of the other party for the purpose of advising him of what his opponent may have learned of facts that will tend to impeach his testimony except as sec. 269.57 (1), Stats., has provided in personal-injury cases for a physical examination and "an inspection of such X-ray photographs as have been taken in the course of the treatment of such party for the injuries for which damages are claimed, and inspection of hospital records and other written evidence concerning the injuries claimed and the treatment thereof." The statute apparently was intended to bring into the open the original or originating circumstances of the cause of action and was not calculated to compel a plaintiff or defendant to bring in before trial any and everything that may bear upon the truth or may or may not become material as the trial proceeds and accordingly as a party does or does not testify in a particular manner.

A statement of the claimant was made to an adjuster. She now claims she was induced to make inaccurate statements.

If so, the matter would be without effect if sought to be used for the purposes of impeachment, but however this may be the request is for an order compelling appellant to produce a paper which came into being and has remained up to now of a character differing from those books and documents covering which the statute provides for inspection. The case of *Cespuglio v. Cespuglio,* 238 Wis. 603, 300 N. W. 780, is one where the desired paper by reason of the relation of the parties and the nature of the cause of action took on a character placing it in the class described in sec. 269.57 (1), Stats. There the written statement by the defendant's insured was material and relevant to an issue between those plaintiffs and the defendant insurer because the plaintiffs by virtue of sec. 85.93, had a cause of action directly against the insurer on the policy and the insurer had set up as against the plaintiffs that it was not liable on the policy by reason of want of co-operation on the part of the insured. The statement thus became material to the claim under the contract and was part thereof.