TOWNSEND, Respondent, vs. LA CROSSE TRAILER CORPORATION, Appellant.

*November 15—December 15, 1948.*

32

For the appellant there were briefs by *Lees & Bunge*, and oral argument by *Albert P. Funk, Jr.,* all of La Crosse.

*William J. Sauer* of La Crosse, for the respondent.

MARTIN, J.  The order from which this appeal was taken was issued pursuant to sec. 269.57 (1), Stats., which reads as follows:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating

to the action or special proceeding or may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both."

Plaintiff's petition for inspection stated the known facts upon which plaintiff based his cause of action : That when the plaintiff's employment with the defendant was terminated, he was to receive one half the book value for his shares of common stock in the defendant corporation; that the books, records, and facts from which said book value could be computed were entirely within the possession of the defendant corporation; that the plaintiff relied upon, and believed to be true, the representation made by the agents and officers of the defendant corporation, as to book value and accepted the amount tendered; that as a result of either inadvertence, mistake, misrepresentation, or fraud, the petitioner was informed and believed that the alleged book value as represented by the defendant corporation on said date was not in fact the actual and true figure of book value and was in fact substantially lower than the actual book value at said time.

The defendant contends that the plaintiff should be limited to an examination of the financial statement prepared by the company's auditors at or about the time of the termination of the employment, because such financial statement definitely sets the book value of the stock. However, this action is in effect an attack upon that financial statement and an allegation that it did not correctly reflect the actual book value of the stock. The book value is not any arbitrary value that may be entered upon the books of the company but the value as predicated upon the market value of the assets of the company after deducting its liabilities. *Steeg v. Leopold Weil Bldg. & Imp. Co.* (1910), 126 La. 101, 52 So. 232; *Southwestern Light & P. Co. v. Oklahoma Tax Comm.* (1936), 178 Okla. 277, 62 Pac. (2d) 637.

The plaintiff has the right to go behind the financial statement in order to examine all of the books, records, and files of the defendant corporation which might reflect the book value of the common stock. Each of the records and files mentioned in the order of the circuit judge is material because it may contain an answer or part of the answer as to the actual net worth. It is also necessary that plaintiff have the records and files for at least one month subsequent to the termination of employment because orders may have been received in December that were not delivered until January, and other transactions may have occurred during the first month of 1946 which refer back to business transacted during the latter part of 1945.

This is an action between a stockholder of a corporation and the corporation to determine the book value of the corporation's stock. The method of determining such value was not provided for by the contract, and plaintiff should have the right to the examination of such books, papers, invoices, etc., as will reflect, either directly or indirectly, upon the value of the stock. The result is to give the plaintiff considerable latitude in his examination. The parties could have avoided this by including in their contract other means of arriving at the book value. We do not consider this a fishing expedition, nor a ransacking of defendant's books, but only necessary to determine the book value as provided for in the contract, and cases cited by defendant are distinguishable.

The case of *Northern Wis. Co-op Tobacco Pool v. Oleson* (1927), 191 Wis. 586, 211 N. W. 923, was an order to examine secretly all records, without specification as to necessity, and without time limit. This action allowed for the examination of records that could in no way affect the right or interest of the party requesting it. It was stated at p. 594:

"It should be clearly kept in mind that this was not an action on the part of the corporation, or of a stockholder of the corporation, affecting the management or conduct of the corporation, and that the defendant was not seeking an examination

of the books and records of the association to protect his interests in the corporation. The examination was solely to get information upon which to defend in an action brought to enforce the written contract."

There is no conflict with the case of *Worthington P. & M. Co. v. Northwestern I. Co.* (1922), 176 Wis. 35, 186 N. W. 156. The court there sets down the rule that the affidavit must show specifically the materiality of each document sought to be examined. The test is not how wide-reaching the proposed examination is, but the materiality of the items sought to be examined.

The defendant contends further that since no complaint has been served, the plaintiff is not entitled to an inspection of the books, records, and files listed in the order of the circuit court. In this case, the books and records have been within the possession of the defendant corporation at all times. The copy of the contract in plaintiff's possession is not sufficient to enable him to frame his complaint. The object of this proceeding is to enable the plaintiff to plead his alleged causes of action and to define the issues. The plaintiff cannot merely state in a complaint that he received insufficient money for his stock because the book value on the financial statement was represented at a depressed figure. He must allege why it was too low and how that figure was ascertained by the corporation. The dealings between the plaintiff and defendant here are of such a character that the amount sued for cannot be otherwise approximately stated unless a discovery proceeding is had.

*By the Court.*—Judgment affirmed.