WISCONSIN FERTILIZER ASSOCIATION, INC., and another, Respondents, v. KARNS, Administrator, Division of Motor Vehicles, Appellant.

*No. 262. Argued May 7, 1969.—Decided June 3, 1969.*
(Also reported in 168 N. W. 2d 206.)

32

For the appellant the cause was argued by *E. Gordon Young,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Richard E. Barrett,* assistant attorney general.

For the respondents there was a brief by *Willink & Thompson* of Madison, and oral argument by *Dale R. Thompson.*

WILKIE, J. In *Tilsen v. Rubin* [2] this court reviewed a trial court's order denying inspection under sec. 269.57 (1), Stats. The court stated:

"The language of the statute identifies the order which plaintiff seeks to obtain as one discretionary with the trial court. Accordingly, we *should not reverse unless convinced that the court's action constituted a clear abuse of discretion.* The statute is a remedial one and must be construed liberally. . . . The burden of establishing such abuse of discretion is on the appellant." (Emphasis added.) [3]

Thus, the sole issue before this court is whether the trial court abused its discretion in refusing to grant appellant's motion for inspection of various books and documents pursuant to sec. 269.57 (1), Stats. Our conclusion is that the trial court's refusal was not an abuse of discretion.

The issue to be resolved in the declaratory judgment proceeding is whether certain of plaintiffs-respondents'

[2] (1954), 268 Wis. 131, 66 N. W. 2d 648.
[3] *Id.* at page 134.

vehicles used in the application of fertilizer are to be classified as "implements of husbandry" pursuant to sec. 340.01 (24), Stats., and thus be exempt from certain motor vehicle safety and registration statutes. To obtain such classification, respondents must establish that the vehicles in question were designed for agricultural purposes, are used exclusively in the conduct of agricultural operations, and are used principally off the highways.[4]

Appellant contends that it was an abuse of discretion for the trial court to deny the motion for inspection of books and documents because information from these sources is necessary for the presentation of an adequate defense in the declaratory judgment proceeding.

It is appellant's position that the bulk spreaders and liquid tanks used in the application of fertilizer cannot be "implements of husbandry" because they are used in and related to the commercial activities of respondents' business and consequently are not used exclusively in respondents' business of farming.

Thus appellant submits that the requested inspection of books and documents must be permitted in order to determine the extent of the farming and commercial operations of the respondents and the relationship of the vehicles in question to those operations.

If sec. 340.01 (24), Stats., is construed to mean that vehicles must be used *exclusively* in farming operations as opposed to commercial activities in order to qualify as "implements of husbandry," then *any* "commercial" use of the vehicles in question would preclude their classification as "implements of husbandry." This construction of the statute is opposed by respondents who submit, in effect, that the commercial use of the bulk spreaders and liquid tanks does not change the character of their "agricultural" use and does not preclude their classification of "implements of husbandry."

---

[4] *See* sec. 340.01 (24), Stats.

The construction of this statute is not actually before the court at this stage of the litigation. However, if appellant is seeking to establish that the vehicles are used in the commercial aspects of respondents' operations, that fact appears to have been conceded in the pleadings, on oral argument, and in the briefs before this court. Therefore, it would appear that much of the material sought in the inspection order is not required.

In its memorandum decision, the trial court noted that the extensive investigation sought by the appellant would impose an almost intolerable burden upon the respondents, that it would be almost impossible to determine what specific documents were being sought, and that it was unclear how material the documents were to the inquiry in this action.

The court stated:

". . . The materiality of the sweeping investigation of plaintiffs' records is not clear in its relationship as to whether the vehicles in question are designed for agricultural purposes, used exclusively in the conduct of agricultural operations and used principally off the highway as required to conform to the definition of 'implement of husbandry' under sec. 340.01 (24), Stats. The sole issue in the case relates to the design and use of the vehicles in question and the general conduct of plaintiffs' businesses outside of the use of the vehicles are not very material. It does not appear from the record that the examination requested by defendant is likely to disclose material evidence . . . ."

Prior decisions of this court make it abundantly clear that, in support of the application for the inspection order, "there must be facts set forth showing how and why discovery is material . . . ." [5]

[5] *Cespuglio v. Cespuglio* (1941), 238 Wis. 603, 606, 300 N. W. 780. *See also, Townsend v. La Crosse Trailer Corp.* (1948), 254 Wis. 31, 35 N. W. 2d 325; *Northern Wisconsin Co-op. Tobacco Pool v. Oleson* (1927), 191 Wis. 586, 211 N. W. 923; *Worthington Pump & Machinery Corp. v. Northwestern Iron Co.* (1922), 176 Wis. 35, 186 N. W. 156.

However, it is unnecessary for this court to determine whether appellant has met the standards relating to the showing of materiality for the reason that the trial court exercised its discretion in another direction, and properly so, in concluding that the taking of depositions would be an alternative means by which relevant and material information could be obtained by appellant so as to alleviate the burden which would be imposed upon the respondents if the order for inspection were granted.

In reaching this conclusion we think that the trial court's denial of the motion for inspection was not an abuse of discretion. Material and relevant information can be acquired by appellant through the taking of depositions. During the course of deposition proceedings, if it becomes necessary for appellant to acquire *specific* books and documents, a request for an order to that effect can be made to the trial court. In this way the appellant can acquire needed information and the discovery process will be kept well within the bounds of relevancy.

*By the Court.*—Order affirmed.