GREFCO, INC., Respondent, v. FRANKLIN ROOFING SUPPLY, INC., Appellant.

*No. 73.   Argued February 3, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 253.)

For the appellant there was a brief by *Snyder, Fisher, Lee & Lilly* of Milwaukee, and oral argument by *E. H. Snyder*.

For the respondent there was a brief by *Kohner, Mann & Kailas*, attorneys, and *H. Victor Buerosse* of counsel, all of Milwaukee, and oral argument by *Mr. Buerosse*.

BEILFUSS, J. The principal issue is whether the trial court abused its discretion in refusing to grant the appellant's motion for the inspection of books and records under sec. 269.57 (1), Stats.

The defendant-appellant, Franklin, argues that the furnishing of a bill of particulars under sec. 263.32, Stats.,[1] is not a substitute for an inspection of documents under sec. 269.57 (1), and that a denial of an order under the latter statute is a denial of a provisional remedy and appealable under sec. 274.33 (3).

We agree that a bill of particulars is not necessarily a substitute for an inspection of records [2] and that a denial of an inspection motion under sec. 269.57 (1), Stats., is appealable.[3]

The question remains, was it an abuse of discretion? Sec. 269.57 (1), Stats., provides as follows:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding and may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both."

---

[1] "Accounts; bill of particulars. It is not necessary for a party to plead the items of an account but he shall deliver to the adverse party, within ten days after a demand therefor in writing, a copy of the account verified by his oath or that of his agent or attorney, that he believes it to be true, or be precluded from giving evidence thereof. The court, or a judge thereof, may order a further account and may in all cases on notice order a bill of particulars of the claim of either party to be furnished."

[2] *Midwest Broadcasting Co. v. Dolero Hotel Co.* (1956), 273 Wis. 508, 78 N. W. 2d 898.

[3] *Noonan v. Orton* (1871), 28 Wis. 386, and *Bavarian Soccer Club, Inc. v. Pierson* (1967), 36 Wis. 2d 8, 153 N. W. 2d 1.

In our opinion in *Wisconsin Fertilizer Asso. v. Karns* (1969), 43 Wis. 2d 30, 33, 168 N. W. 2d 206, we stated:

"In *Tilsen v. Rubin* this court reviewed a trial court's order denying inspection under sec. 269.57 (1), Stats. The court stated:
" 'The language of the statute identifies the order which plaintiff seeks to obtain as one discretionary with the trial court. Accordingly, we *should not reverse unless convinced that the court's action constituted a clear abuse of discretion.* The statute is a remedial one and must be construed liberally . . . . The burden of establishing such abuse of discretion is on the appellant.' (Emphasis added.)
"Thus, the sole issue before this court is whether the trial court abused its discretion in refusing to grant appellant's motion for inspection of various books and documents pursuant to sec. 269.57 (1), Stats. Our conclusion is that the trial court's refusal was not an abuse of discretion."

The affidavit in support of the order to show cause for inspection refers to a letter of January 9, 1969, to plaintiff's counsel wherein a request for such inspection was made, stating that defendant's books relative to these transactions were in the hands of a trustee in bankruptcy. The affidavit further asserts:

"That such inspection and permission to take copies of said books or documents in the possession or under the control of the plaintiff containing evidence relating to the above-entitled action is necessary in order to enable the defendant to plead and prepare for trial of the above-entitled action."

It is apparent that the trial court found the bill of particulars to be legible and that it gave the defendant sufficient information to plead and prepare a defense.

Judge WALSTEAD, in his written memorandum, stated:

"Defendant brings an order to show cause why an order should not be entered requiring plaintiff to give to the defendant within a specified time an inspection

of its books and records containing evidence relating to the above-entitled action.

"The plaintiff, in response to a bill of particulars, has served on the defendant and filed with the court two invoices showing the nature and kind of the product claimed to have been purchased by defendant, the quantity, the thickness and size, the price per unit, the quantity shipped, the total amounts of each shipment, the invoice date, the date shipped and the name of the carrier.

"This is an action for the recovery of the purchase price for goods alleged to have been sold by plaintiff to defendant. It would appear that the information contained in the bill of particulars should give the defendant sufficient information so that it can check its books, determine whether or not the goods were actually received and whether they have been paid for. Accordingly, the motion of the defendant is denied."

We agree with the trial court that the defendant could plead [4] and prepare its defense from the information contained in the bill of particulars and that it was not an abuse of discretion to deny the motion for an inspection of documents under sec. 269.57 (1), Stats.

The defendant may have a right to a discovery examination and *subpoena duces tecum* under sec. 887.12, Stats., but that matter is not before us.

*By the Court.*—Order affirmed.

---

[4] The answer was verified on January 9, 1969, and the affidavit for the order to show cause for inspection is dated February 3, 1969.