SHIER, Respondent, v. FREEDMAN, Appellant.

*No. 214. Argued November 2, 1970.—Decided December 1, 1970.*
(Also reported in 181 N. W. 2d 400.)

For the appellant there was a brief by *Fulton, Menn & Nehs,* attorneys, and *Peter S. Nelson* of counsel, all of Appleton, and oral argument by *Mr. Nelson.*

For the respondent there was a brief by *Kersten &
McKinnon*, attorneys, and *George P. Kersten* of counsel,
all of Milwaukee, and oral argument by *E. Campion
Kersten*.

HANLEY, J.   The sole issue on this appeal is whether
the trial court abused its discretion in granting plain-
tiff's motion for the inspection of the medical books or
journals, pursuant to sec. 269.57 (1), Stats.
Sec. 269.57 (1), Stats., provides:

"(1) The court, or a judge thereof, may, upon due
notice and cause shown, order either party to give to
the other, within a specified time, an inspection of prop-
erty or inspection and copy or permission to take a copy
of any books and documents in his possession or under
his control containing evidence relating to the action or
special proceeding and may require the deposit of the
books or documents with the clerk and may require their
production at the trial.  If compliance with the order
be refused, the court may exclude the paper from being
given in evidence or punish the party refusing, or both."

This court has frequently noted the criteria applicable
when reviewing orders under sec. 269.57 (1), Stats.  The
rule was most recently enunciated in *Grefco, Inc. v.
Franklin Roofing Supply* (1970), 46 Wis. 2d 118, 174
N. W. 2d 253.  Quoting from *Wisconsin Fertilizer Asso.
v. Karns* (1969), 43 Wis. 2d 30, 33, 168 N. W. 2d 206,
the court in *Grefco, supra*, said, at page 121:

" 'In *Tilsen v. Rubin* this court reviewed a trial court's
order denying inspection under sec. 269.57 (1), Stats.
The court stated:
" ' "The language of the statute identifies the order
which plaintiff seeks to obtain as one discretionary
with the trial court.  Accordingly, we *should not reverse
unless convinced that the court's action constituted a
clear abuse of discretion.*  The statute is a remedial one
and must be construed liberally. . . .  The burden of
establishing such abuse of discretion is on the appel-
lant." (Emphasis supplied.)' "

Defendant contends that the trial court did abuse its discretion by granting the order without first requiring the plaintiff to make some showing of materiality. The plaintiff acknowledges his failure to make such a showing but his contention is that the materiality of the text sought was self-evident.

Greater particularity than this is necessary under the present case law. In *Karns, supra,* at page 35, this court noted that:

"Prior decisions of this court make it abundantly clear that, in support of the application for the inspection order, 'there must be facts set forth showing *how* and *why* discovery is material . . . .' " (Emphasis supplied.)

One such prior decision is *Northern Wisconsin Co-operative Tobacco Pool v. Oleson* (1927), 191 Wis. 586, 594, 211 N. W. 923, where the court stated:

" 'It is also indispensably essential to this right that the production or inspection sought is material to the issues involved and that it affects the merits of the action. . . . A general allegation of materiality and necessity is not sufficient, but facts must be stated showing how and why the discovery or inspection is material. . . . An order for production or inspection will be denied where the application appears to be made solely for fishing purposes.' *Worthington P. & M. Corp. v. Northwestern I. Co.* 176 Wis. 35, 41, 186 N. W. 156."

The materiality of the list in this case would be properly established by showing the probative value of the evidence sought in relation to the allegations of the complaint. The complaint in this case alleges negligence in the following respects:

"a. Failed to warn the plaintiff, prior to said operation, of the reasonably foreseeable risks attending said operation;
"b. Failed to obtain the informed consent of the plaintiff to said operation;

"c. Injured and damaged the plaintiff's spinal cord in the area of the lumbar and sacral spine;

"d. Severed, damaged and destroyed nerves and nerve roots in and near the plaintiff's spinal cord in the area of the lumbar and sacral spine;

"e. Failed to make a timely diagnosis of the said injury and damage to the plaintiff's spinal cord, nerves and nerve roots;

"f. Failed to take timely action to minimize said injury and damage to the plaintiff's spinal cord, nerves and nerve roots;

"g. Failed timely to obtain expert consultation and aid in connection with the plaintiff's said operation and in connection with the said injury and damage to the plaintiff's spinal cord, nerves and nerve roots, in the area of the lumbar and sacral spine."

We fail to see the materiality of the medical texts and journals used by the defendant during his education, before and after graduation, to the specific acts of negligence alleged in the complaint.

On oral argument the plaintiff's attorney stated he wanted the list of books in order to discover what school of medicine the defendant subscribed to or followed. The reason stated is not proof of materiality. We doubt that any school of medical thought recommends or espouses the failures with which the defendant is charged in the complaint. If the complaint had alleged that the defendant proceeded on a theory of medicine which is not generally accepted, that would be a different matter. But what the complaint really boils down to is an allegation that defendant "cut where he shouldn't have." The plaintiff does not need the defendant's library to prove that issue.

The question involved in a malpractice suit is whether the defendant exercised "that degree of care, skill, and judgment which is usually exercised by reputable physicians and surgeons of the same school of medicine in [that] County or in the same, similar, or surrounding

localities, under like or similar circumstances, . . ." Wis J I—Civil, Part I, 1023.

Knowing what books were used by the defendant in his education or were in his office or personal library does not bear on this point. The same standard (Wis J I—No. 1023), is applicable to the defendant, and his libraries will not alter the situation.

We conclude that the plaintiff is not entitled to the portion of the order contained in paragraphs (2) and (4) of the court order, dated October 29, 1969.

*By the Court.*—Order reversed.