BANK OF COMMERCE, Respondent, v. LESPERANCE and
wife, Appellants: GINKIDS INVESTMENTS, INC., and
another, Defendants.

*No. 36. Argued March 27, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 671.)

For the appellants there were briefs and oral argument by *Richard D. Finley* of Milwaukee.

For the respondent there was a brief by *Petrie, Stocking, Meixner & Zeisig, S. C.,* of Milwaukee, and oral argument by *John A. Stocking.*

HANLEY, J. The sole issue presented on this appeal is whether the denial of appellants' motion for inspection of documents constituted an abuse of discretion on the part of the trial court.

The statute under which appellants sought to require respondent to produce and deposit certain documents with the clerk of courts is sec. 269.57 (1), Stats., which provides:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding and may require the deposit of the books or documents with the clerk and may require their production at the trial. . . ."

The order which appellants sought to obtain was discretionary with the trial court. Unless appellants can establish a clear abuse of discretion, the order will be affirmed. *Shier v. Freedman* (1970), 49 Wis. 2d 41, 43, 181 N. W. 2d 400. As stated in *Boodry v. Byrne* (1964), 22 Wis. 2d 585, 589, 126 N. W. 2d 503:

". . . [T]his court will not find an abuse of discretion if there exists a reasonable basis for the trial court's determination after resolving any direct conflicts in the testimony in favor of plaintiff."

The record in this case does not reveal the factors considered by the trial court in passing on appellants' motion. There is no affidavit by respondent opposing the

motion, nor is there a transcript of the hearing on the motion. However, we think that inferences may be drawn from the record before this court which support the ruling of the trial court.

First, we note that the motion does not merely ask for an inspection of the documents; rather, it seeks an order requiring respondent to deposit the records with the clerk of court. Appellants' affidavit is totally barren of any showing of need for the deposit of the records. This court has noted that sec. 269.57, Stats., has two objectives: First, to enable one party to an action to have an inspection of records in the possession of an-. other party in order to enable the former to plead or to prepare for trial; and, secondly, to assure the safekeeping of the records and their production at the trial by ordering that they be deposited with the clerk. *Culligan, Inc. v. Rheaume* (1954), 268 Wis. 298, 305, 67 N. W. 2d 279. A party should not be entitled to have the records deposited with the clerk unless he can allege facts showing the necessity for such deposit. In this case appellants do not allege that the records are in danger of loss or destruction by respondent or are otherwise in need of safekeeping. Furthermore, there is no doubt that the ledger sheets and accounting records showing loans and advances made by respondent to Hope Acres, Inc., will be produced at trial, since respondent's foreclosure action depends upon proof that such loans and advances were made. Therefore, the appellants' motion for the deposit of respondent's records with the clerk of circuit court was properly denied.

Secondly, many of the records and documents which appellants seek to inspect do not appear to be material to the action. The complaint alleges that appellants guaranteed payment of loans made by respondent to Hope Acres, Inc., and that the loans which respondent

did make are presently due and unpaid. The mortgage which respondent is attempting to foreclose was given as security for the loans allegedly made to Hope Acres, Inc. Therefore, whether or not respondent made any loans directly to appellants is not an issue in this action. Since it is not an issue, the appellants' motion for examination of "[a]ll ledger sheets and accounting records of loans and advances by plaintiff to Russel J. Lesperance and Virginia K. Lesperance" was properly denied. In addition, the motion requested that respondent be required to produce all signature cards of Russel J. Lesperance and Virginia K. Lesperance. Appellants contend that inspection of the signature cards is necessary because the execution of the mortgage, guaranty and bond are at issue and that the cards would therefore be needed by a handwriting expert for comparison purposes. It is difficult to see the materiality of the signature cards to the issue of whether or not appellants signed the mortgage, guaranty or bond. An examination of the signatures on the original documents would prove more valuable to a handwriting expert than would an examination of the cards.

Appellants also requested an examination of correspondence and notes and minutes of respondent's board of directors as these papers relate to payment, refinancing or renegotiation of the obligation of Hope Acres, Inc. Appellants explain that these documents are necessary to support an allegation in the proposed amended answer that the guaranty had been discharged. However, the trial court refused to allow the admission of the amended answer. Since the documents are not material to the questions raised by the original answer and since the appellants do not question the propriety of the trial court's refusal to allow a substitution of the amended answer, this aspect of the motion was properly denied.

Respondent contends that the trial court based its ruling on the fact that the motion was filed only ten days before trial. Appellants argue, however, that the timeliness of the motion should not be considered in deciding whether or not inspection of documents should be allowed. We think that timeliness of the motion can and should be considered by the trial court in making its discretionary determination. If the motion is filed shortly before trial under circumstances which indicate dilatory tactics, the court would be justified in denying the motion. In the instant case, the action was commenced in September of 1969. Appellants had ample time to seek inspection of these records long before the trial date established by the court. Presenting a motion for the production of documents within ten days of trial and appealing from the order denying inspection, under the circumstances, smacks of an attempt to delay the final determination of the case.

*By the Court.*—Order affirmed.