BAUMAN, d/b/a Bauman Construction Company, Respondent, v. HOCH and wife, Appellants: FEDERAL LAND BANK OF ST. PAUL and another, Defendants.

*No. 98. Argued March 28, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 660.)

For the appellants there was a brief by *Whelan, Morey, Morey & Ricci, S. C.,* of Mondovi, and oral argument by *Richard J. Ricci.*

For the respondent there was a brief by *Ingolf E. Rasmus* and *B. James Colbert,* both of Chippewa Falls, and oral argument by *Mr. Colbert.*

HEFFERNAN, J. Sec. 269.57 (1), Stats., provides:

"The court, or a judge thereof, may, upon due notice and cause shown, order either party to give to the other, within a specified time, an inspection of property or inspection and copy or permission to take a copy of any books and documents in his possession or under his control containing evidence relating to the action or special proceeding and may require the deposit of the books or documents with the clerk and may require their production at the trial. If compliance with the order be refused, the court may exclude the paper from being given in evidence or punish the party refusing, or both."

An order issued under this provision is appealable under sec. 274.33 (3), Stats., as one which "grants, refuses, continues or modifies a provisional remedy." *Halldin v. Peterson* (1968), 39 Wis. 2d 668, 673, 159 N. W. 2d 738. In *Grefco, Inc. v. Franklin Roofing Supply* (1970), 46 Wis. 2d 118, 121, 174 N. W. 2d 253, we said that on appeal this court will:

". . . 'not reverse unless convinced that the court's *action constituted a clear abuse of discretion.* The statute is a remedial one and must be construed liberally . . . . The burden of establishing such abuse of discretion is on the appellant.' "

Under this interpretation, the burden of proof is upon the Hochs. They contend that there was an abuse of discretion because the statute provides for only "an inspection" and that, therefore, a second inspection is not permitted.

This contention has no merit. It is within the discretion of the trial judge, for cause shown, to permit multiple inspections. Moreover, in the instant case the argument is immaterial, for the order in question on this appeal was the only inspection order issued by the court. The initial inspection was by stipulation.

In full compliance with *Worthington Pump & Machinery Corp. v. Northwestern Iron Co.* (1922), 176 Wis. 35, 186 N. W. 156, the plaintiff has established that the inspection sought is material to the issues involved and will affect the merits of the action. It is undisputed that the trial was delayed because of the plaintiff's illness and that, in the interim between the first inspection and the renewal of the proceedings, the plaintiff's expert had left the state. It is true, as the defendants argue, that it might be possible to supply the lacuna of expert testimony by a deposition, but it was within the discretion of the court to determine whether or not the administration of justice would be best served by that alternative or by ordering an inspection. Defendants have demonstrated no hardship or undue burden resulting from the trial court's order. In making his determination, the trial judge relied upon the relevant facts to underpin his discretion. We are satisfied that the defendants have failed to show a clear abuse of discretion.

*By the Court.*—Order affirmed.