Protest of TULSA COLD STORAGE CO.

No. 29691.   Sept. 17, 1940.

*106 P. 2d 124.*

T. A. Aggas, of Oklahoma City, and Hudson & Hudson, of Tulsa, for appellant.

F. M. Dudley, A. L. Herr, and C. D. Stinchecum, all of Oklahoma City, for appellee.

OSBORN, J. This is an appeal by the Tulsa Cold Storage Company, a domestic corporation, from an order of the Oklahoma Tax Commission denying its protest against assessment of additional corporation license tax made by the commission. Appellant is a subsidiary of the City Ice & Fuel Company, a foreign corporation. The tax was levied pursuant to the provisions of article 6, ch. 66, S. L. 1939.

Appellant made advancements to its parent company in the amount of $411,466.61, and was indebted to the parent company in the sum of $7,990. In filing its corporation license tax return for the fiscal year ending June 30, 1940, in arriving at the value of its capital employed in this state, it took into consideration neither of these items—either for the purpose of increasing or decreasing the value of its capital so employed. The commission rejected the return and included, for the purpose of arriving at the value of the capital stock, the sum of $411,466.61 as an asset and deducted the sum of $7,990 as a liability, and assessed an additional tax against appellant in the sum of $403, together with penalty accrued thereon. Appellant filed its protest, which was denied and the additional assessment sustained, whereupon an appeal was perfected to this court.

It is contended that the advancement to the parent corporation is not an asset of the appellant corporation. The contention is predicated upon the last paragraph of section 5, art. 6, ch. 66, S. L. 1939, which is as follows:

"Advances made from, or to, apparent (sic) or subsidiary corporation, association or organization, shall not be a matter for consideration in increasing or decreasing the value of the capital stock in computing the license fees payable hereunder." ·

Appellant's position is stated in its brief, as follows:

"Although it was necessary to show on the return submitted by the Tulsa Cold Storage Company, the item of $411,466.61, the amount advanced by protestant to its parent corporation under the heading of 'Inter-Company Receivables' * * * to the end that the commission would have the full knowledge of the true book value of the capital stock of the Tulsa Cold Storage Company, yet when it came to the computation of the tax, it was the duty of the commission to deduct from such book value the item of $411,466.61, as such amount is clearly exempt, and therefore deductible under section 5, supra. * * *"

The method of computing the tax is prescribed by section 6 of the act. The language employed is practically identical with the language contained in section 5, ch. 155, Session Laws 1933, which was construed in the case of Southwestern Light & Power Co. v. Oklahoma Tax Commission, 178 Okla. 277, 62 P. 2d 637, as follows:

"An examination of the statute reveals that the value of the capital stock * * * should be determined from its books. That is to say, the Legislature intended that the commission should base its calculation of the license fee upon the 'book value' of the capital stock of the corporation. * * *

" 'Book value,' as defined in a majority of the available decisions, is the market value of the assets of the corporation, less its liabilities. See Early v. Moor (Mass.) 144 N. E. 108, 33 A. L. R. 362, 366 anno. * * *

"Had the amount of the capital stock and not the value thereof been made the basis upon which to compute the tax, the result would be otherwise."

Appellant relies upon the above-quoted provision of section 5, supra, to the effect that advances shall not be a matter of consideration in *increasing* the value of the capital stock, which argument does not take into consideration the further provision that advances shall not be considered as decreasing the value of the capital stock of the advancing corporation. A consideration of all of the language used in the above-quoted provision clarifies the legislative intent. There is disclosed a clear purpose on the part of the Legislature to prevent impairment of the tax structure of interrelated corporations by the temporary shifting of funds from one of said corporations to another. Such transactions are not to be treated differently from similar transactions between unrelated companies for the purposes of taxation. In order to effectuate the intention that no effect should be given to such transactions in fixing the value of capital stock, it was provided that such advances should not be considered as increasing or decreasing the value of the capital stock of either the advancing or receiving corporation.

We have heretofore pointed out that the commission should base its calculation of the license fee upon the value of the capital stock of the corporation, which is the market value of its assets, less its liabilities. In order to comply with the method approved by this court and to give effect to the intention of the Legislature, to which we have just referred, the commission considered the advancement from the appellant corporation to its parent corporation as an asset and its indebtedness to said corporation as a liability, in order to determine the net advancement. Thus full effect was given to the provision that such advancements should not be given consideration as increasing or decreasing the value of the capital stock.

The order is affirmed.

WELCH, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur.