CHRYSLER CORPORATION v. OKLAHOMA TAX COMMISSION.

No. 32403.   Oct. 8, 1946.

Rehearing Denied Oct. 29, 1946.

*173 P. 2d 933.*

Richardson, Shartel, Cochran & Pruet (by D. A. Richardson and F. M. Dudley), all of Oklahoma City, and Rathbone, Perry, Kelley & Drye (by Theodore Pearson), all of New York, N. Y., for plaintiff in error.

El L. Mitchell, W. F. Speakman, and Harve L. Melton, all of Oklahoma City, for defendant in error.

DAVISON, J.   This appeal involves income taxes for the years 1935 to 1939, inclusive, assessed against the Chrysler Corporation, manufacturer of Chrysler, De Soto, Dodge, and Plymouth motor cars and trucks of various makes, and parts for such vehicles. The portion of said corporation's income for these years which the commission claimed was taxable by Oklahoma was computed on the basis of a system of allocation authorized by statute for taxing corporations doing business both within and without the state. Under this system it was first ascertained what percentage of Chrysler's total sales for each of said years were to Oklahoma buyers. That portion of its entire net income, less deductions, was then considered allocable to Oklahoma, and one-third of the same percentage of such allocable income was deemed the portion taxable by this state.

The Chrysler Corporation protested the assessments above described, taking the position that none of the income sought to be taxed was taxable by Oklahoma. After a hearing before the Oklahoma Tax Commission, the corporation's protests were denied and after delivering to the commission its check for the amount of the disputed taxes to be held pending the decision of this court thereon, it perfected the

present appeal from the commission's order. The parties will hereinafter be referred to in their capacity of litigants as the "protestant" and the "commission".

It is not disputed that during the years in question the protestant was a Delaware corporation; that its factories were located in the States of Michigan, Indiana, and Ohio, with its principal office in Detroit, Mich., and that in its own name it was never licensed to do business in Oklahoma; has never owned any property therein; had any warehouses or places of business whatsoever therein; maintained any employees therein; nor done any business in Oklahoma, except the shipment into said state in interstate commerce, motor vehicles and parts ordered by dealers and purchasers in Oklahoma, which orders were accepted in Detroit and filled by shipments from Michigan, Indiana, or Ohio.

The protestant does, however, own the stock of three subsidiary corporations which are domesticated in Oklahoma. The names of these corporations are "Chrysler Sales Corporation", "De Soto Motor Corporation", and "Dodge Brothers Corporation". They own no factories and manufacture no vehicles or parts therefor. Their primary object is to promote sales for which they are compensated under contract with protestant. The only sales that these subsidiary corporations made during the years in question were in a relatively few instances where a dealer having ordered a car from protestant to be shipped to him on bill of lading with draft attached, failed to pay the draft and take up the bill of lading. In such instances, one of the subsidiary corporations above mentioned would pay the draft, procure the bill of lading, get the car from the railway company, and sell the same to some other dealer. The commission does not dispute protestant's showing that these subsidiaries paid Oklahoma income taxes on their profits on all such sales during the years in question, nor do they attempt to refute protestant's argument that even though such sales had been made direct-

ly by protestant, the latter's profits therefrom would not have been taxable by this state.

Protestant's position is based upon the fundamental principle that "where an income is taxed the recipient thereof must either have a domicile within the state or else the property or business out of which the income issues must be within the state." Cooley on Taxation (4th Ed.) vol. 4, sec. 1753, as quoted in Curlee Clothing Co. v. Oklahoma Tax Commission, 180 Okla. 116, 68 P. 2d 834. The commission does not contend that protestant itself is domiciled in Oklahoma and its entire argument that the income sought to be taxed issues or is derived from business within Oklahoma is by its own structure or composition made to stand or fall solely upon the proper construction of the form of contract under which all sales of Chrysler manufactured cars and parts are made directly with retail dealers in such products in this and other states. This is said to be the determining factor in withdrawing this case from operation of the general rule applied in the Curlee Clothing Company Case, supra; that the sale of goods by a foreign corporation on orders subject to the approval of said corporation at its home office does not constitute doing business within the state. Since apparently these "direct dealer" contracts are the same for products protestant manufactures under other labels as those bearing the name of Dodge, a so-called "Dodge Contract" is used by the commission to demonstrate the truth of its contentions. The opening and closing paragraphs of a blank form of such contract are quoted as follows:

"This Agreement is made by and between . . . . . hereinafter called Direct Dealer, and Chrysler Corporation, a Delaware Corporation, for its Dodge Division, hereinafter called "Dodge"

"Signature:

"This agreement to be valid must bear the signature of a duly authorized officer or executive of Dodge; also the signature of a duly authorized officer or executive of Direct Dealer if a cor-

poration; or the signature of one of the partners of direct dealer if a partnership; or the signature of direct dealer if an individual.

"In witness whereof the parties hereto have signed this agreement which is finally executed at Detroit, Michigan, in duplicate, this_____day of_____ _____, 19_____.

"
_____
(Direct Dealer—Firm Name)

"by_____
"(Individual authorized to sign)

Chrysler Corporation

"By_____ "

The commission's entire position as aforesaid rests upon the bare assertion that the contracting party briefly referred to as "Dodge" in the body of such contracts, as the one quoted above, is the subsidiary corporation, Dodge Brothers Corporation,·which, as aforesaid, is domesticated in Oklahoma. Similarly, it is asserted that the parties called "De Soto" and "Chrysler" in the sales contracts with retailers of the De Soto and Chrysler "make" or brand of cars are the other two subsidiaries hereinbefore shown to be domesticated in this state. Upon this hypothesis it is argued that protestant's claim that the sale of cars under such contracts does not constitute "doing business" in Oklahoma is positively refuted by the fact that said contracts contain provisions placing title to the cars until paid for in the parties referred to therein as "Dodge", "De Soto", or "Chrysler", and giving said parties the right to accept or reject the orders received thereunder. Accordingly, they conclude that each sale to a dealer under such contracts is completed wholly within Oklahoma with a corporation doing business in Oklahoma, in spite of protestant's claim that none of such transactions are complete until the orders are accepted in Detroit.

After examination of the "direct dealer" contract made with Dodge dealers, submitted as a sample of the form of contract which is made with De Soto and Chrysler dealers also, we cannot agree with counsel's statement that it is apparent from the text of such instrument that the contracting parties referred to therein as "Dodge", "De Soto", and "Chrysler" are the subsidiary corporations which admittedly are licensed to and are doing business in Oklahoma. On the contrary, it seems to us quite clear that such names are (as the opening paragraph of the contract represents) merely brief designations of the Dodge, De Soto, and Chrysler divisions of the Chrysler Corporation, a Delaware corporation. This view is supported by the only other evidence on that subject pointed out in the record, namely, the testimony of Mr. Pomeroy, assistant secretary of protestant. In support of their assumption as to the identity of the contracting parties in question, the commission says that unincorporated branches of Chrysler Corporation cannot make contracts, hold title to property, warrant the quality of its products, and do the other things that are set out in the dealer contracts; but here there is no showing that the branches of said corporation attempt to do such things. Counsel for protestant say that said corporation has been divided into Dodge, De Soto, and Chrysler "divisions" merely to simplify supervisory and accounting problems since the vehicles and parts it sells are manufactured in different factories, but that a contract entered into by one of the divisions of said corporation is no less a contract with the corporation itself. There is nothing in the record to contradict this.

Since as we have found that the commission's entire claim of taxability in· the present case is based upon a statement of fact without support in the evidence, we think any further discussion of their argument is unnecessary. Being without evidence to support it, the order appealed from cannot stand. It is therefore reversed, with directions to the Oklahoma Tax Commission to vacate it, and return to protestant the

taxes collected thereunder with interest, and to dismiss the proceeding.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, and WELCH, JJ., concur.