**Edwin A. WALKER, Plaintiff,**

v.

**FIELD ENTERPRISES, INC., a foreign corporation doing business under the style of The Chicago Daily News, Defendant.**

**No. 9879.**

United States District Court
W. D. Oklahoma.

June 12, 1963.

Clyde Watts, Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for plaintiff.

V. P. Crowe, Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., for defendant.

DAUGHERTY, District Judge.

This matter is being considered with reference to the plea to the jurisdiction of the Court filed herein by the defendant. A hearing was held on such plea before the Court on May 15, 1963. At such hearing it was agreed that the facts relative to the defendant's "doing business" in Oklahoma within the meaning of the Oklahoma statutes on substituted service are as disclosed by the pleadings, affidavits, stipulations and briefs on file herein.

Based on the foregoing instruments it appears that from the plaintiff's viewpoint the activities of the defendant which justify a finding that the defendant is "doing business" in Oklahoma, are:

(1) Defendant publishes two daily newspapers in Chicago, Illinois, and operates a service of syndicating and distributing newspaper articles, photos, comic strips, cartoons and columns.

(2) Defendant sends by mail or wire syndicated material to nine newspapers in Oklahoma, all of which is done by contract with the newspapers who pay for the material which when sold becomes the property of the newspaper purchasers.

(3) Defendant sells and sends 26 daily newspapers to Oklahoma subscribers by United States mail without solicitation by the defendant and without profit to defendant.

(4) Defendant has a sales representative who passes through Oklahoma twice a year for two or three days contacting customers and prospective purchasers.

(5) Defendant had a contract with General Features, a New York corporation, to supply a daily column which General Features promotes, sells and distributes from New York City, and after expenses were deducted the profit was split between General Features and defendant on a 50/50 basis. It is one of these columns which is the basis of plaintiff's suit.

(6) Defendant had a reporter in Tulsa, Oklahoma, from January 29th through February 4, 1962, covering a seminar.

And based on the foregoing instruments it appears from the defendant's viewpoint the activities of the defendant as pertains to the State of Oklahoma which negative "doing business" within the meaning of the Oklahoma substituted service statute, are:

(1) Defendant is a Delaware corporation with principal place of business in Chicago, Illinois.

(2) Defendant is not licensed to do business in the State of Oklahoma.

(3) Defendant has no registered agent in Oklahoma or any person in Oklahoma upon whom summons could be served.

(4) Defendant does not have an office, any property, a telephone, agents or reporters in the State of Oklahoma except twice per year for two or three days a representative passes through the state solely for the purpose of contacting customers and prospective customers.

(5) The representative passing through Oklahoma twice per year exercises no control over any material sold to newspapers in Oklahoma by defendant or over the customers of defendant purchasing and receiving the same.

(6) Defendant collects no accounts in Oklahoma but all are paid by check to Chicago, Illinois.

(7) Defendant enters into no contracts in Oklahoma.

(8) No advertising is solicited in Oklahoma by defendant.

(9) Plaintiff is a resident of the State of Texas.

In view of the agreement of the parties that the foregoing are the facts with reference to the question of whether or not the defendant is doing business in Oklahoma under the Oklahoma substitute

service statute, the Court reaches the following conclusions in the matter:

■ (1) This is a diversity action and the matter of whether or not proper service has been obtained on the defendant is based on Oklahoma law and the interpretation thereof by the Oklahoma Supreme Court. See Stanga v. McCormick Shipping Corporation, 268 F.2d 544, Fifth Circuit, 1959; and Keeshin, Inc. v. Gordon Johnson Company, 109 F.Supp. 939 (W.D.Ark., 1952).

(2) In interpreting Title 18, Oklahoma Statutes 1961, Sections 1.17 and 472, the substituted service statutes involved, the Oklahoma Supreme Court laid down the test in Wills v. National Mineral Company, 176 Okl. 193, 55 P.2d 449, in the following language:

"Doing business involves not only ownership, possession, or control of property, but also such functions as dealing with others in reference thereto, the exercise of discretion, the making of business decisions, the execution of contracts, the marketing of products by advertising and solicitation, collecting accounts, and kindred functions. Wherever an important combination of these functions is being performed, it is the doing of business at the place of such performance."

(3) This test was recently applied by the Oklahoma Supreme Court in a publication company case, Fawcett Publications, Inc. v. Morris, 377 P.2d 42, wherein the Court also stated:

"The question of whether a foreign corporation is 'doing business' within this state within the meaning of the statute must depend upon the facts in each particular case. [S.] Howes Company v. W. P. Nilling Co[mpany]., Okl., 277 P.2d 655 at page 657; 20 C.J.S. Corporations § 1920, at page 151."

(4) From the agreed facts herein there does not appear to be present an important combination of the functions set forth in the Wills test. In fact, it appears that only one of the several functions mentioned in Wills can fairly be said to be present here, namely, the solicitation of business in Oklahoma by defendant, and this occurs only two or three times per year for brief periods.

(5) The Fawcett case, supra, is clearly distinguishable from the the case at hand. In Fawcett the Publishing Company dealt with others in Oklahoma regarding its magazines so as to exercise some control over the distribution and sale of same in Oklahoma and the territory involved, suggestions were made regarding its magazines to wholesalers and retailers in Oklahoma, and it appears that discretion was exercised and business decisions made in Oklahoma by Fawcett representatives.

(6) Well reasoned decisions from other jurisdictions hold that: Simply selling newspapers in a foreign state does not constitute doing business. Insull v. New York World Telegram Corp., D.C., 172 F. Supp. 615; 7 Cir., 273 F.2d 166; sending syndicated materials to papers in a foreign state does not constitute doing business. Insull v. New York World Telegram Corp., supra; a news reporter coming into a foreign state to cover a news story does not constitute doing business. New York Times Co. v. Conner, 5 Cir., 291 F.2d 492; and a circulating road man, Brewster v. Boston Herald-Traveler, Corp., D.C., 141 F.Supp. 760, and a traveling representative to promote sales for a publishing house, Putnam v. Triangle Publications, Inc., 245 N.C. 432, 96 S.E.2d 445, have not been sufficient to constitute doing business.

(7) The Supreme Court of Oklahoma has held that contacting prospective customers in Oklahoma is not doing business. See, Chrysler Corporation v. Oklahoma Tax Commission, 197 Okla. 641, 173 P.2d 933.

■ Based on the foregoing, the Court is of the opinion that the defendant has not been doing business in Oklahoma within the meaning of the Oklahoma substituted service statutes, as the same have been construed and applied by the

Oklahoma Supreme Court. Accordingly, the defendant's plea to the jurisdiction is meritorious and should be and hereby is sustained and the Complaint is dismissed for want of jurisdiction.