SCHUMANN, Respondent, v. SAMUELS, Appellant.*

*May 13—June 7, 1966.*

* Motion for rehearing denied, with costs, on July 27, 1966.

374

For the appellant there were briefs by *Wright & Mueller* of Milwaukee, and oral argument by *Donald H. Mueller*.

For the respondent there was a brief by *Schwemer & Schwemer* of Milwaukee, and oral argument by *Paul E. Schwemer*.

HEFFERNAN, J.  Both parties agree that plaintiff's share is to be valued at "book value." The plaintiff contends, however, that accrued items, both receivable and payable, as well as work-in-process inventories, must be included in determining valuation. The defendant takes the position that the contract is to be interpreted not only on the basis of the written agreement between the parties but also on the manner in which the agreement was in fact carried out by them. It appears to be without substantial dispute that the cash method of accounting was used. However, we do not consider this to be determinative of "book value." "Book value" is a term of ambiguous meaning. The certified public accountant who submitted an affidavit on behalf of the defendant gave as his opinion that "the term 'book value' is generally such that this phraseology should be avoided as a valuation measure unless it is specifically and explicitly defined in the agreement concerned." The author of the A. L. R. Annotations concluded, "the phrase 'book value' is best

avoided unless its meaning as used is clearly and unmistakably defined." Anno. 51 A. L. R. (2d) 606, 608, Meaning of "book value" of corporate stock.

There is no doubt that "book value" can be almost anything that the parties to a contract clearly define it to be, nor would we disagree with the position of the defendant when he contends that a contract for purchase of a partnership share is valid although the purchase price is less than its actual value.

Unfortunately, the agreement of partnership here does not so define "book value" that we are able to find precise meaning in the terms of the agreement. However, in the absence of a definition agreed upon by the parties, the term has a well-defined meaning in Wisconsin law:

"The book value is not any arbitrary value that may be entered upon the books of the company but the value as predicated upon the market value of the assets of the company after deducting its liabilities." *Townsend v. La Crosse Trailer Corp.* (1948), 254 Wis. 31, 36, 35 N. W. (2d) 325.

We conclude that that definition is applicable here.

The appellant in applying his definition of "book value" saw fit to exclude the work-in-process inventories. We find no basis in the agreement or in the facts of the record for such exclusion. Clearly, all of the items excluded by the defendant must be considered in applying the above definition. The agreement itself, although directing a cash-receipts-and-disbursements method of accounting, provided for the use of inventories. The "work in process" should be considered in determining the inventories of the business.[1] It represents raw materials to which labor has been applied and constitutes an asset of the business and should, under the terms of the agreement, be included in making a determination of "book value."

---

[1] Faris, Accounting for Lawyers (rev. ed.), p. 118; Ferst and Ferst, Basic Accounting for Lawyers, American Law Institute (2d ed.), pp. 37, 38.

The agreement also provided that there were to be daily entries on the accrual system. Surely, this envisaged consideration of accounts receivable as assets of the company as they were accrued, and, of course, accounts payable would become liabilities of the company in the same fashion.[2] While there is no doubt that the parties could be bound by an agreement that sets "book value" at a figure different than that dictated by usual accounting principles, we cannot, where there is ambiguity, hold one party to an agreement that is manifestly unreasonable and contrary to usual business practices. We cannot conclude that the agreement contemplates the purchase of the retiring partner's interest without the necessity of paying for all of his interest in the partnership, including "accounts receivable" and "work-in-process" inventories.

Summary judgment was properly granted on the motion of the plaintiff.

*By the Court.*—The order and judgment are affirmed.

---

[2] See Faris, Accounting for Lawyers (rev. ed.), pp. 73, 286.
* Motion for rehearing denied, with costs, on August 19, 1966.