**John W. WILLIAMS, Appellant,**

**v.**

**HOWARD UNIVERSITY.**

No. 74–1836.

United States Court of Appeals, District of Columbia Circuit.

Submitted Without Argument Nov. 13, 1975.

Decided Jan. 6, 1976.

---

**21.** *See* note 3 *supra.*

**22.** Tr. at 262.

John W. Williams, pro se.

Dorsey Edward Lane, Washington, D. C., was on the brief for appellee.

Before DANAHER, Senior Circuit Judge, LEVENTHAL, Circuit Judge, and VAN PELT,* United States Senior District Judge for the District of Nebraska.

## PER CURIAM:

In this case a white student seeks re-admission to Howard University Medical College. In our view the District Court properly granted summary judgment to defendant, on the basis of the material facts, without genuine issue, represented in the affidavits filed by defendant and the deposition taken of plaintiff Williams. We have fully taken into account Williams' pro se motion to "expand our horizons", and it works no change in our ruling.

We begin with a recital of the undisputed facts. Williams was admitted in September 1966. He failed Anatomy in his freshman year. He repeated it in summer session and failed again. He was enrolled during 1967–68 to repeat the course but withdrew on May 20, 1968, because of illness. He reapplied for admission during 1968–69, as a special student to take Anatomy only, and received a satisfactory grade in June 1969.

As a second year medical student during 1969–70, Williams took nine courses. On April 20, 1970, he withdrew from the medical college a second time, for medical reasons. At the time of his withdrawal, he was doing unsatisfactory work in six of his courses.

In the summer of 1970, Williams filed an application for re-admission. The Medical School's Executive Committee denied his application on the basis of his unsatisfactory grades during his first year, his poor grades in the Freshman courses taken during his second year, and his unsatisfactory performance in his sophomore courses prior to his second withdrawal.[1] The Committee concluded

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

1. Plaintiff claims that the Executive Committee may have misunderstood plaintiff to have been given a grade of unsatisfactory following a final examination. This may possibly have occurred. When errors of this nature mar formal judicial proceedings, there is more latitude for re-examination. Taking into account the nature of plaintiff's record as a whole, we would not be warranted in comdemning the

that Williams did not have the aptitude for successful completion of the medical curriculum.

■ Williams brings two constitutional challenges to the Medical School's decision—that he was discriminated against on racial grounds, and that he was arbitrarily denied due process. He alleges civil rights jurisdiction under 42 U.S.C. § 1983 (1970) and 28 U.S.C. § 1343(3) and (4) (1970); and federal question and diversity provisions (28 U.S.C. § 1331, 1332 (1970)). The District of Columbia has been held not to be a "state or territory" within the meaning of § 1983, and appellant's claim of jurisdiction under that provision fails. *See District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). However, a claim of alleged deprivation of constitutional rights is litigable in the federal courts of the District. 409 U.S. at 433, 93 S.Ct. 602, relying on *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ We first consider whether appellant demonstrated that Howard's involvement with the federal government was sufficient to make Howard's re-admission decisions equivalent to federal action and thus subject to due process concerning procedure requisite for governmental action. There is no doubt that Howard's action has serious consequences for appellant but it is not subject to all the constraints put on governmental action by the due process clause. We follow the previous decision of this Circuit in holding that "the fact that the Federal Government contributes funds to the University, by itself, is insufficient to show the exercise of influence on University decision-making or the encouragement of specific policies" requisite to a finding of governmental action. *Spark v. Catholic University,* 167 U.S.App.D.C. 56, 510 F.2d 1277, 1282 (1975); *Greenya*

*v. George Washington University,* 167 U.S.App.D.C. 379, 512 F.2d 556 (1975). Here the appellant alleges only the contribution of federal funds to Howard and Howard's tax exempt status. We must therefore conclude that federal jurisdiction does not exist for his due process claim, because it has not been shown that the Government exercises some form of control over the actions of Howard.

■ We assume that the allegation of substantial federal funding would be enough to demonstrate governmental action as to appellant's claim of racial discrimination. *See, e. g., Spark,* 510 F.2d at 1282; *Greenya,* 512 F.2d at 560. However, appellant totally failed to adduce evidence that the refusal of re-admission was caused by improper motives of racial discrimination. Without some showing beyond mere allegation in the pleadings, the summary judgment was properly awarded to Howard for failure of plaintiff to raise a genuine issue of material fact.

■ Appellant alleged and meets the standards for diversity jurisdiction. We have therefore considered whether appellant stated and proved a valid common law claim sounding in contract or tort as to his denial of re-admission. It has been held that an arbitrary denial of re-admission made in bad faith by a private university presents an actionable claim, or that there may be a cause of action for specific performance of a contract between a college and its students in proper circumstances. *See e. g. Frank v. Marquette University,* 209 Wis. 372, 245 N.W. 125 (1932); *United States ex rel. Gannon v. Georgetown College,* 28 U.S. App.D.C. 87 (1906). *Cf. Connelly v. University of Vermont & State Agricultural College,* 244 F.Supp. 156 (D.Vt., 1965). Williams has adduced no evidence of a violated contractual right, and his failure to present any facts to show improper motivation or irrational action on the

---

Executive Committee's failure to formally reconsider how they would have voted if they had been specifically informed that plaintiff's

"unsatisfactory" grading referred to his class work and not to an examination.

part of Howard vitiates any claim of gross arbitrariness for which courts may grant relief in a private setting.

The district court's grant of Howard's motion for summary judgment is

Affirmed.