T. Carlton RICHARDSON, Appellant

v.

LOYOLA COLLEGE IN MARYLAND, INC., Appellee.

No. 03–7157.

United States Court of Appeals, District of Columbia Circuit.

March 4, 2005.

Rehearing Denied April 14, 2005.

T. Carlton Richardson, Law Offices of Theodore Carlton Richardson, Washington, DC, pro se.

David W. Kinkopf, Gallagher, Evelius & Jones, Baltimore, MD, for Appellee.

Before TATEL, GARLAND, and ROBERTS, Circuit Judges.

### *JUDGMENT*

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's grant of summary judgment on August 14, 2003, is hereby affirmed for the reasons set forth in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).

### MEMORANDUM

T. Carlton Richardson was dismissed from Loyola's Pastoral Counseling Masters of Arts Program, following repeated classroom incidents in which Richardson monopolized discussion, showed a lack of sensitivity, and alienated his fellow students. Richardson brought suit against Loyola. The district court granted summary judgment in favor of the college, and we now affirm.

■ 1. Richardson's argument that the district court improperly converted Loyola's motion to dismiss into a motion for summary judgment plainly lacks merit. Loyola filed a "Motion to Dismiss or, in the Alternative, for Summary Judgment." Richardson responded with an opposition addressing both outcomes, and filed his own cross-motion for partial summary judgment. Thus, he was clearly on notice of a possible summary judgment disposition. Richardson also agreed to stay discovery pending the court's ruling, and failed to file an affidavit stating that discovery was necessary to his opposition. Accordingly, the district court did not have to allow discovery before issuing its ruling. *See* F.R.C.P. 56(f); *Strang v. U.S. Arms Control and Disarmament Agency*, 864 F.2d 859, 861 (D.C.Cir.1989).

2. Richardson's remaining procedural challenges miss the mark. He fails to demonstrate that the court resolved any genuine issues of material fact in ruling on the motion. Further, while Richardson now points to hearsay statements in affidavits submitted by Loyola, he failed timely to object. *See Strang*, 864 F.2d at 861 (objection to affidavits waived if not made before district court). At any rate, he has not shown that the district court based its decision on these statements. The court also did not err as a matter of law in relying on the affidavits of Loyola employees. Finally, Richardson's suggestion that Loyola failed to carry its burden of production lacks merit, as Loyola did not have to produce the specific materials he identifies.

■ 3. The district court properly granted summary judgment on Richardson's Title VI and Title IX claims, since he neither offered direct evidence of discrimination nor met his initial burden under the *McDonnell Douglas* framework. *See Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1512 (D.C.Cir.1995) (*McDonnell Douglas* complainant must establish, *inter alia*, that "he was otherwise qualified and performed his duties competently," and that "others in similar circumstances, but outside the protected group, were treated differently"). The court also properly rejected Richardson's retaliation claim, as he produced no evidence showing

that Loyola's explanation for his dismissal was pretextual. Richardson's Title IX compliance claim fails because Loyola demonstrated that it has a published, comprehensive sex discrimination policy and grievance procedures implementing that policy.

▮ 4. The district court properly ruled on Richardson's constitutional claims. As the court observed, the Thirteenth Amendment does not provide an independent cause of action for discrimination. *See Holland v. Bd. of Trustees of Univ. of D.C.*, 794 F.Supp. 420, 424 (D.D.C.1992). Richardson's remaining constitutional claims may not be asserted against a private entity such as Loyola. *See, e.g., Rendell–Baker v. Kohn*, 457 U.S. 830, 842, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Williams v. Howard Univ.*, 528 F.2d 658, 660 (D.C.Cir.1976). His claim under 42 U.S.C. § 1981 is forfeited because it was raised for the first time on appeal.